**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DERRANCE HATFIELD CHIEF
AKECHETA,

    Plaintiff,

v.             Case No:   6:23-cv-1866-WWB-LHP

HALIFAX HOSPITAL,

    Defendant

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

 This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:   MOTION TO PROCEED IN FORMA PAUPERIS**
> **(Doc. No. 2)**
>
> **FILED:   September 27, 2023**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED WITHOUT PREJUDICE**.

**I. BACKGROUND.**

 On September 27, 2023, Plaintiff Derrance Hatfield Chief Akecheta, appearing *pro se*, filed a "Complaint for a Civil Case Alleging that the Defendant

Owes Plaintiff a Sum of Money" against Defendant Halifax Hospital.   Doc. No. 1.
The Complaint further lists subject matter jurisdiction under "28 U.S.C. § 1332;
Diversity of Citizenship."   *Id.*, at 1.   Plaintiff does not list any specific claims or
legal theories, but under the "relief" section, Plaintiff provides the following
narrative:

> I was a patient at the hospital.   I was given the wrong medicine that
> almost killed me.   I came back to the hospital and a nurse changed my
> medicine and said that Indians do not take the same medicines.   I am
> still suffering from the medicine right now and first entered the
> hospital on July 2, 2023.   I was treated for having a stroke and have no
> symptoms of a stroke besides high blood pressure.   It rose at the
> hospital from the medicine when they changed the medicine it
> dropped.   I was born in 1968 during the Indian Civil Rights Act.
> There were no Blacks until 1971.   The hospital should be checked
> because some other Indians were called Black and murdered.   I tried
> to communicate with them but they were very rude because I survived.

*Id.*, at 6.   This is the extent of the explanation of Plaintiff's case.   He seeks monetary
damages in the amount of $1,000,000.   *Id.* at 4.

With the filing of the complaint, Plaintiff also filed an Application to Proceed
in District Court Without Prepaying Fees or Costs (Short Form), which has been
construed as a motion to proceed *in forma pauperis*.   Doc. No. 2.   The motion to
proceed *in forma pauperis* was referred to the undersigned, and the matter is ripe for
review.

## II.    STANDARD OF REVIEW.

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*.    First, the Court must evaluate the plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*.    28 U.S.C. § 1915(a)(1).    Second, once the Court is satisfied that the plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief.    *Id*. § 1915(e)(2)(B)(i)–(iii).[1]

Additionally, under Federal Rule of Civil Procedure 12(h)(3), a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case.    *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)).[2] "[I]t is incumbent upon federal courts trial and appellate to constantly examine the

---

[1] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*.    *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

basis of jurisdiction, doing so on our own motion if necessary."  *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981) (citations omitted).[3]

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

## III.   ANALYSIS.

Upon review of Plaintiff's motion to proceed *in forma pauperis*, it is unclear whether Plaintiff qualifies for pauper status.  *See* Doc. No. 2.  Plaintiff's motion is set forth on the Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), and several portions of the form have not been completed, Plaintiff lists "Disability, or worker's compensation payments" as Plaintiff's only source of income without specifying how much income Plaintiff earns, and Plaintiff lists $900.00 in monthly expenses with no reported debt or financial obligations. *Id.*  The undersigned cannot conclude on this limited amount of information that

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Plaintiff qualifies for pauper status.  *Cf. Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (the plaintiff must establish that "because of his poverty, [he] is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents.").   Nonetheless, given that Plaintiff has filed a Short Form Application (Doc. No. 2) rather than a Long Form Application, and given the recommendation herein that the Complaint be dismissed with leave to amend, the undersigned will further recommend that the Court permit Plaintiff to renew his request to proceed *in forma pauperis* by filing a Long Form Application, assuming he can demonstrate qualification for pauper status, or to order payment of the filing fee with an amended complaint.   *Cf. Cole v. Williams*, No. 3:22-cv-440-MMH-JBT, 2022 WL 1212788, at *1 & n.3 (M.D. Fla. Apr. 25, 2022) (conducting review under § 1915 even absent a motion to proceed in forma pauperis, and assuming that the plaintiff intended to proceed as a pauper).

Upon review of the Complaint (Doc. No. 1), Plaintiff has not adequately pleaded that the Court has subject matter jurisdiction.   There are only two possible bases for the Court to exercise jurisdiction in this case, which include federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).   Federal question jurisdiction exists when the case arises "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Diversity jurisdiction exists only when there is complete diversity of citizenship

between the parties and the amount in controversy exceeds $75,000.00.   *See* 28 U.S.C. § 1332(a)(1).   "When jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, the plaintiff's complaint must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states."   *Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979).   In order to achieve "complete diversity," no plaintiff may be a citizen of the same state as any of the defendants.   *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Although Plaintiff references in the "Relief" section the Indian Civil Rights Act, he does not assert any claims under that statute, Plaintiff does not identify any other federal laws, and no federal question appears on the face of the Complaint. And while the Complaint states that jurisdiction is premised on diversity of citizenship, Plaintiff states that he is a citizen of Florida, and that Defendant is incorporated in Florida and has its principal place of business in Florida.   Doc. No. 1, at 3.   "A corporation is deemed a citizen of every State and foreign state in which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"   28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (explaining that a corporation's principal place of business is normally its headquarters, so long as the headquarters is "the actual center of direction, control, and coordination, i.e., the nerve center").   Thus, on its face the

Complaint does not establish diversity of citizenship to satisfy 28 U.S.C. § 1332. Accordingly, Plaintiff's Complaint is due to be dismissed for failure to adequately allege a basis for this Court's subject matter jurisdiction.  *See Puckett v. Ain Jeem, Inc.*, No. 8:21-cv-1834-CEH-SPF, 2021 WL 4875839, at *3 (M.D. Fla. Sept. 30, 2021), *report and recommendation adopted*, No. 8:21-cv-1834-CEH-SPF, 2021 WL 4862429 (M.D. Fla. Oct. 19, 2021) (denying application to proceed *in forma pauperis* and dismissing complaint without prejudice for lack of subject matter jurisdiction where the complaint did not establish diversity of citizenship of all parties); *Thomson v. SunTrust Bank*, No. 8:20-cv-1692-T-02SPF, 2020 WL 13120581, at *2 (M.D. Fla. Oct. 9, 2020), *report and recommendation adopted*, 2020 WL 13120583 (M.D. Fla. Oct. 27, 2020) (dismissing complaint pursuant to § 1915 where it did "not contain factual allegations [to] provide the Court with enough information to determine whether the Court may maintain jurisdiction over this matter or whether Plaintiff can state a viable claim"); *Burns v. Essex Partners, Inc.*, No. 6:18-cv-2143-Orl-37DCI, 2019 WL 1093440, at *1 (M.D. Fla. Jan. 16, 2019) (*sua sponte* dismissing *pro se* complaint for failure to allege diversity of citizenship between the parties).

Plaintiff's Complaint also fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a).   The factual allegations in the complaint consist of a single narrative paragraph, in which Plaintiff references medical treatment he received

from Defendant, but does not otherwise state any discernable claim, or identify any damages suffered other than a reference that some medicine "almost killed" him. Doc. No. 1, at 6.   Beyond this paragraph, Plaintiff submits no further factual allegations in support and does not identify any legal theories upon which he could obtain the relief he seeks.   *See Wabe v. Regions Bank*, No. 8:22-cv-988-KKM-JSS, 2022 WL 2121493, at *2 (M.D. Fla. May 3, 2022), *report and recommendation adopted*, 2022 WL 1617741 (M.D. Fla. May 23, 2022) (dismissing complaint pursuant to § 1915 where "Plaintiff's Complaint does not include a short and plain statement of the claim showing an entitlement to relief. Indeed, the Complaint is devoid of any specific factual allegations to explain the harm caused.").

Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint.   *See Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) ("Generally, a district court must *sua sponte* provide a *pro se* plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend." (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002))).   It is at least possible that Plaintiff could file an amended complaint stating a claim within this Court's jurisdiction, and thus, the undersigned will recommend that Plaintiff be permitted one opportunity to amend.   Alternatively, of course, Plaintiff could file his complaint in the appropriate state court.

Should Plaintiff be permitted to file an amended complaint in this Court, Plaintiff is cautioned that he must follow the federal pleading requirements. In order to state a claim that is cognizable in federal court, Plaintiff must state a claim, based on fact and law, that falls under the Court's jurisdiction. *See* 28 U.S.C. §§ 1331, 1332(a).

In an amended complaint, Plaintiff must also clearly allege the legal basis of the cause of action, whether a constitutional provision, treaty, statute, or common law. Plaintiff must name as Defendant only those persons who are responsible for the alleged violations. He must allege in the body of the complaint, with numbered paragraphs and under a section entitled "Statement of Facts," how Defendant participated in the activity that allegedly violated his rights. Plaintiff must allege some causal connection between Defendant and the injury he allegedly sustained. One generally cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he or she participated in the deprivation of a person's rights or directed such action and/or omission that resulted in such deprivation. Finally, Plaintiff must allege specifically harm or injury by the actions and/or omissions of the Defendant.

Because Plaintiff is currently proceeding without a lawyer, the undersigned directs his attention to the Court's website, http://www.flmd.uscourts.gov. On the Court's homepage, Plaintiff can find basic information and resources for parties

who are proceeding without a lawyer in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers."

## IV.   RECOMMENDATION.

For the reasons stated herein, it is **RESPECTFULLY RECOMMENDED** that the Court:

1. **DENY without prejudice** the motion to proceed *in forma pauperis* (Doc. No. 2).

2. **DISMISS** the complaint without prejudice (Doc. No. 1).

3. **PERMIT** Plaintiff to file an amended complaint, within a time established by the Court, along with a renewed motion to proceed *in forma pauperis* utilizing the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).[4]

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.

---

[4] The Application to Proceed Without Prepayment of Costs (Long Form) is available on the Court's website, https://www.flmd.uscourts.gov/, by selecting "For Litigants," and "Litigants Without Lawyers," and then selecting "Forms."

11th Cir. R. 3-1.

     Recommended in Orlando, Florida on January 5, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy